**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 10 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CUI PING LIN,<br><br>Petitioner,<br><br>v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>Respondent. | No. 08-72185<br><br>Agency No. A200-025-200<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2012[**]
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

Cui Ping Lin petitions for review of the Board of Immigration Appeals's

("BIA") decision affirming the order of the Immigration Judge ("IJ") denying her

application for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT"). We deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The IJ's adverse credibility determination is supported by substantial evidence.[1] *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). The IJ identified two instances of inconsistencies in Lin's testimony that are entitled to great weight because they go to the heart of Lin's claims.[2] *Id.* at 1047.

First, Lin gave conflicting testimony about when she first heard or became aware of Falun Gong. On cross-examination, she testified that she had "never even heard of" Falun Gong before April 2005. Later, she testified that she first learned about the Chinese government's repression of Falun Gong in 1999, when she saw television coverage of the government's massacres of Falun Gong practitioners. When the IJ questioned her about this inconsistency, she claimed that in 1999 she could not understand what she was seeing on television because she had not yet

---

[1]Because the BIA cited its decision in *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), and did not express disagreement with any part of the IJ's decision, we review the IJ's decision as if it were that of the BIA. *Abebe v. Gonzales*, 432 F.3d 1037, 1040 (9th Cir. 2005) (en banc).

[2] Lin made her applications for asylum, withholding of removal, and CAT relief after May 11, 2005; therefore, the IJ's adverse credibility determination is governed by the standards set forth in the REAL ID Act, Pub. L. No. 109-13, Div. B, § 101, 119 Stat. 231, 303 (2005). *Shrestha*, 590 F.3d at 1039. Under the REAL ID Act standards, inconsistencies in a petitioner's testimony need not go to the heart of the petitioner's claim to form the basis of an adverse credibility determination. *Id.* at 1043. However, when an inconsistency goes to the heart of the claim it is of great weight. *Id.* at 1046–47.

started school. But as the IJ noted, Lin had completed eight years of schooling by 1999. More importantly, Lin failed to explain how she could have seen television coverage of the government's crackdown on the practice of Falun Gong in 1999 and still not have even heard of Falun Gong until 2005.

Lin failed to adequately explain the inconsistency in her testimony. Even if we accept her assertion that the connotations of the words "know" and "learn" are different in English and Mandarin, that does not explain why Lin testified that she had "never even *heard* of" Falun Gong when she was asked if she *knew* of it prior to April 2005. The record does not support the argument that Lin was confused by a mix-up between the words "know" and "learn."

Lin also gave conflicting testimony about how often she practiced Falun Gong in the two months between when she first became a practitioner and when she departed from China. On cross-examination, she testified that between April and June 2005 she was practicing once a week. Later, in response to the IJ's questions, Lin testified that she practiced twice a week, once on her own and once with a friend. When the IJ noted the inconsistency, Lin qualified her earlier testimony by saying that she would occasionally go to her friend's house to practice and then practice by herself in her own home. Lin offered no further explanation for the discrepancy.

Lin now argues that the inconsistency stemmed from differences in the way the government and the IJ asked the questions. She asserts that on cross-examination she thought the government was only asking her how often she practiced alone, while the IJ asked her specifically how often she practiced with her friend. Nothing in the record supports Lin's interpretation of the government's question; the government simply asked Lin how often she was practicing Falun Gong between April and June 2005.

In making his adverse credibility determination, the IJ identified specific instances in the record where Lin's testimony was inconsistent, considered all the explanations that Lin offered for the inconsistencies, and gave cogent reasons why the inconsistencies discredited Lin's testimony. *Shrestha*, 590 F.3d at 1043–44. Substantial evidence supports the IJ's adverse credibility determination. *Id.* at 1046–47.

The petitioner's remaining contentions are without merit.

**PETITION DENIED.**